Surrogate's Court, Erie County, November, 1899.        [Vol. 29.

But even in such a case the plaintiff is entitled to costs only when judgment is rendered in his favor. The present case differs from Sherry v. Cary in two important particulars. In the first place the defendant and not the plaintiff has recovered a verdict, and in the second place the cause of action alleged in the complaint and counterclaim aggregated only $297.12. The clerk's taxation must be set aside, and he must be directed to tax the defendant's bill of costs, with ten dollars costs of this motion.

Ordered accordingly.

---

Matter of the Sale of the Real Property for the Payment of the Debts of the Estate of EHRHARDT QUATLANDER, Deceased.

(Surrogate's Court, Erie County, November, 1899.)

Executors and administrators — Real estate cannot be sold to pay expenses of administration.

Real estate of a decedent cannot be sold to pay the expenses of administration nor to pay any debts which have been incurred by the administrator subsequent to the death of the decedent, except funeral expenses.

OBJECTION to confirmation of the report of a referee in proceedings to sell real property for the payment of debts.

Charles D. S. Newton, for petitioner.

Aaron Fybush, special guardian for infant.

MARCUS, S. The referee has reported adversely to the petitioner and the confirmation of his report has been objected to.

It is conceded that the administrator received more money, by several hundred dollars, than was necessary to pay the debts and funeral expenses of the deceased.

It is urged that the administration expenses should form part of the debts of the deceased; that the debts of the administrator are neither lessened, nor his claim to compensation diminished, by the debts even exceeding the assets; and since his services are

performed for the benefit of those who may receive the estate, whether it is paid to creditors or distributees of the decedent, the administrator should be compensated for his services of administration. This is undoubtedly true, but it does not shadow the objection that this proceeding appears to be for the purpose only of selling the real estate for administration expenses.

No sale of the real estate will be ordered to pay administration expenses alone; or any debts incurred by an executor or administrator after the death of the testator or intestate, except funeral expenses.

Real estate cannot be sold to pay administration expenses.

Where an executor or administrator has paid the debts of a decedent in excess of the personal assets of the estate, he will be subrogated to the rights of the creditors whose debts he has discharged.

The admission of personal assets in excess of debts in this case disposes of the questions raised.

The fact that the administrator has expended moneys in a manner unauthorized by law does not entitle him to have the real estate, which he sought to protect, now sold by proceedings in this court where no debts against the decedent exist, for no debt can be said to exist when the administrator had sufficient personal property in his hands, when properly applied, to have discharged the same, at least in so far as the proceeding now sought to be enforced under the statute in question is concerned.

The surrogate, therefore, has no jurisdiction to grant the prayer of the petitioner.

Referee's report confirmed.