(57 App. Div. 635.)

HICKOK–ALDRICH CO. v. MUNGER et al.

(Supreme Court, Appellate Division, Fourth Department. January 15, 1901.)

PLACE OF TRIAL—DISPUTED EVENTS—NOTES—FRAUDULENT REPRESENTATIONS
—BONA FIDE HOLDER—WITNESSES—RESIDENCE.

Under the rule that the place of a trial should be where the chief dis-
puted events happened, in a case where the dispute was whether false
representations were made to the defendant to induce him to sign a note,
and whether the plaintiff had notice when he took the same, and the note
was made in one county and the transfer in another, the case will be tried
in the county where a majority of the witnesses reside.

Appeal from special term, Erie county.

Action by the Hickok-Aldrich Company against D. C. Munger and
others. From an order denying a motion by defendants to change
the place of trial from Erie county to Livingston county they appeal.
Affirmed.

The following is the opinion of the court below (KENEFICK, J.):

The obvious trend of the more recent authorities is to locate the place of
trial in the county where the chief disputed events happened. Osterhout v.
Rabe, 39 App. Div. 413, 57 N. Y. Supp. 336. In this case the chief disputed
events of the transactions out of which this suit arises are: First, whether
fraudulent representations were made to induce the defendants to sign the
note in suit; second, if such fraud is proven, whether the plaintiff had notice
thereof before taking the note, and whether he took the same in good faith
and for value. The false representations, if any, were made in Livingston
county, where the note was signed. The transfer of the note to the plain-
tiff took place in Erie county. Aside from the defendants themselves, eight
witnesses who reside in Livingston county are alleged to be material and
necessary for the defendants on the trial of this action,—six of them on the
first issue, and two of them on the second. Of the six witnesses named as
material on the first issue, the materiality of the testimony of Sanders and
Willard, as set forth in the moving papers, is, to say the least, doubtful.
As to the two witnesses upon the second issue, the affidavits presented on
both sides indicate that there is no substantial dispute as to the facts which
will be testified to by them. The affidavit presented in opposition to this
motion indicates that it will be necessary for the plaintiff to swear twelve
witnesses upon the second issue above referred to,—seven of them on the
question as to whether the plaintiff had any notice of any infirmity in the
instrument or defect in the title of the transferror thereof, and five of them
upon the question as to whether full value was given for the note by the
plaintiff. Two of these witnesses appear to be officers of the plaintiff, but,
deducting these, the plaintiff shows a larger number of material witnesses
residing in the county of Erie than the defendants show residing in Living-
ston county. The point was made by the moving party on the argument of
this motion that some of the alleged fraudulent representations, if proven,
render the note absolutely void, even in the hands of a bona fide holder for
value. I cannot agree with this claim. All of the representations set forth
render the instrument voidable, not absolutely void. I am of the opinion
that the convenience of witnesses and the ends of justice would not be pro-
moted by the change asked for, and the motion is therefore denied.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and LAUGHLIN, JJ.

F. C. Peck, for appellants.
Irving W. Cole, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements,
upon opinion of KENEFICK, J., delivered at special term.