(37 Misc. Rep. 575.)

## In re SUMMERS' ESTATE.

(Surrogate's Court, Nassau County. March, 1902.)

**1. Sale of Decedent's Realty—Recovery of Judgment—Costs.**

On distribution of the proceeds of the sale of realty of intestate, a creditor who, after trial before a referee, had recovered judgment against the administrator, is entitled to be paid the face of the judgment, but not referee's fees or disbursements which he has paid or incurred, under Code Civ. Proc. §§ 2756, 2757, providing that, where a judgment has been rendered against an administrator for the debt of decedent, it is deemed the debt of the decedent, and cannot be allowed against the property at any greater sum than the amount received, exclusive of costs.

**2. Same—Legal Expenses.**

Under Code Civ. Proc. § 2793, subd. 6, providing that out of the remainder of the proceeds of a sale of real estate the administrator must pay any sum found due him after applying thereupon the proceeds of personal property, the administrator is not entitled to be paid fees and legal expenses which he contracted in regard to the estate, as the fund is applicable only to the amount due the administrator for payment of debts and funeral expenses of the decedent.

In the matter of the estate of John W. Summers. Application for distribution. Decree entered.

Herbert L. Fordham, for petitioner.
Le Roy M. Young, for Charles G. Summers.
Edwin G. Wright, for Edward R. Summers.

SEABURY, S. This is an application for the distribution of surplus money, proceeds of sale arising from the foreclosure of certain mortgages upon real estate, which were of John W. Summers, deceased. John W. Summers died October 10, 1893, leaving a will in and by which he devised all his estate to his wife, Mary Summers. The will was admitted to probate January 10, 1900, and letters of administration c. t. a. were issued to Edward T. Hegeman, March 14, 1900. Appraisers were duly appointed, who returned an inventory that they had found no personal property. On the 8th of June, 1900, arrangements were made by which a mortgage was given by members of family, by which certain debts were paid, including that of the administrator, and for services of counsel up to the 8th of June, 1900, and Mr. Hegeman received $25 for his services. No other money came into the hands of the administrator. Subsequently all the real property of which testator died' seised was sold as the result of two actions of foreclosure, and each of which resulted in a surplus now in the hands of the treasurer of Nassau county, amounting to $2,015. Subsequent to the settlement above referred to Charles G. Summers presented a claim against the estate to the administrator, consisting of an old promissory note under seal, which was disputed by the administrator, and referred under the statute to a referee, who reported in favor of the claim and disbursements without costs, and judgment was thereupon entered on September 6, 1900, for $1,254, with referee's fees and disbursements amounting to $95.87, making in all $1,349.87. Mary Summers, the sole legatee and devisee under the will, has since died, and letters of administration upon

her estate issued to Charles G. and Edward G. Summers. There-after the present proceedings were instituted, and the following persons presented claims in this proceeding upon this surplus money arising from the aforementioned foreclosures: Charles G. Summers, amount of judgment above referred to, $1,254, with $95.87, amounting to $1,349.87, with interest from September 6, 1900. An assignment made by Charles G. Summers to Levy B. Young, dated June 1, 1900, was also received in evidence, assigning all costs and one-third of any judgment that might be received on claim. The amount claimed by each, as appears by the evidence: Charles G. Summers, two-thirds of amount of judgment, exclusive of costs, $836, with interest from September 6, 1900; Levy B. Young, as assignee, one-third of amount of judgment, exclusive of costs, $418, with interest from September 6, 1900; also $95.87, amount of referee's fees and disbursements, with interest from September 6, 1900. The claim upon which the above judgment was obtained is the only debt claimed to be unpaid against the estate of John Summers, and the only debt claimed against his estate other than those that were paid by the administrator with money received from the Summers family before mentioned.

The administrator, however, presents a claim under subdivision 6 of section 2793 of the Code of Civil Procedure for legal expenses incurred in the sum of $250 for professional services of his counsel. These services consisted, as appears from the memoranda submitted, of services rendered by his counsel in settlement of claims, etc., referred to in agreement of Summers family, and in the trial and defense of the Charles G. Summers claim, the Summers claim occupying about six days, and including $4.20 disbursements, and upon the other business about three and one-half days, and disbursements amounting to $18.45, including $13.25 for notice to creditors. Services of George B. Stoddard, guardian ad litem, upon probate of will, amount of claim allowed, to be submitted to the discretion of the surrogate. The amount of the judgment, exclusive of the disbursements, has not been disputed. Therefore the only matter in dispute is the referee's fees and disbursements included in the judgment, and the claim of the administrator to the legal and other expenses of the administrator.

First, in regard to the claim for referee's fees and disbursements. Section 2756 of the Code provides that:

"Where a judgment or decree has been rendered against an executor or administrator, for a debt due from the decedent, the debt is, nevertheless, deemed a debt of the decedent, to the same extent, and to be established in the same manner, and except as prescribed in the next section, subject to the same defenses, as if an action had not been brought thereon."

Section 2757 qualifies the preceding section as follows:

"(1) The debt, for which the judgment was rendered, cannot be allowed, as against the property in question, at any greater sum than the amount recovered, exclusive of costs."

Counsel for the judgment creditor claims that this provision relates only to "costs" as distinguished from "disbursements," and that, as the referee did not allow costs upon the judgment, it does not affect the judgment that includes only the referee's fees and dis-

bursements, and cites a number of authorities showing the discrimi-
nation that courts have made between costs and disbursements. But
all these decisions are such as would only affect assets in the hands
of an executor or administrator. They practically hold that in a
judgment rendered against an executor or administrator, where the
referee certifies that the payment of the claim was unreasonably re-
sisted, or neglected, etc., the court may award costs against the
executor, etc., to be paid out of the executor's individual property,
or out of the property of the decedent, and that in the absence of such
certificate the creditor was entitled to his disbursements, but not his
costs. So that under certain circumstances the costs would be as
binding against assets of a decedent in the hands of the executor or
administrator as the disbursements; but I do not think that these
provisions apply to these proceedings.

Under the common law, real estate, upon the death of the owner,
vested immediately in his heirs and devisees, and they took it free
from his general debts, and it only can be taken for the payment of
debts now by virtue of statutory provisions. Section 2757 expressly
states that the debt for which said judgment was rendered cannot
be allowed against the property in question at any greater sum than
the amount received, exclusive of costs, and I think this provision is
intended that the heir shall not be burdened with the expenses and
disbursements of an action or proceeding to which he may never
have been a party, and the result of which is not in any manner con-
clusive upon him; while section 2756 provides that while such a
judgment or decree rendered upon the merits is presumptive evidence
of the debt upon the hearing. Section 2756 provides that where such
a judgment has been rendered against an executor, etc., for a debt
due from the decedent, it is nevertheless deemed a debt of the de-
cedent to the same extent, and to be established in the same man-
ner, as if an action had not been brought thereon. I am therefore
of opinion that the claim of the judgment creditor for referee's fees
and disbursements should be disallowed.

As regards the claim of the administrator for expenses incurred
as administrator, the greater part of the expenses appears to have
been incurred in contesting the action above referred, and also for
some services rendered the administrator in the payment and settling
of claims with funds raised by the heirs at law or devisees to pay
claims. It also includes the sum of $13.25 for publication of notice
to creditors to present claims to the administrator. Why this latter
amount was not included in the money raised by the heirs or devisees
I cannot understand, as the expense had been incurred and the no-
tice had been published for a number of weeks before such adjust-
ment was made, on June 8th, as appears by the testimony. The
claim of the administrator is made under subdivision 6 of section 2793,
which provides "that out of the remainder of the money must be
paid the sum, if any, which has been found to be due the executor,"
etc., "upon a judicial·settlement of his account, after applying there-
upon the proceeds of personal property." It may be said that there
has been no judicial settlement of the account of the administrator,
and consequently no amount is now due; but, waiving this contention,

I am of opinion that the provision is intended to apply only to such amount as may be found due to the administrator on account of debts and funeral expenses, as provided in section 2749, and this view is further strengthened by the concluding portion of subdivision 6. This opinion was held in Smith v. Meakim, 2 Dem. Sur. 129, and also in Cook v. Woodward, 5 Dem. Sur. 97.

I am aware that the learned surrogate of Westchester county dissented from this view in Shute v. Shute, 5 Dem. Sur. 1, who states that "while it is true that, under section 2749, a sale of real estate can only be applied for in order to pay the debts of the decedent and his funeral expenses, it does not follow that the proceeds of such sale are to be used only for such purposes, or else how could any part of them be used for the payment to the widow of a sum in gross, or the surplus be paid to the heirs," etc., for the reason that the widow and heirs at law were entitled to such surplus under other provisions of law. The rule may in some cases work hardship, but I do not think in this case that such hardship was unavoidable. The administrator was a creditor, and took presumably upon himself the duties of administrator primarily to protect his own debt. This, with all other debts that had come to his knowledge, were paid by the compromise arrived at with the devisees on June 8th. And all other expenses that he incurred after that were incurred with the full knowledge that there was no personal estate, and that he would be without means to meet any expense he might incur. The debt for which judgment was obtained might have been disposed of in the present proceedings, especially as the judgment obtained was not conclusive upon this fund, as I have before stated. I am therefore of opinion that I have no power to allow the claim of the administrator.

A decree should be entered to pay, first, the expenses of these proceedings, and the judgment of Charles G. Summers, exclusive of costs, as follows: Two-thirds to Charles G. Summers and one-third to Levy B. Young; the balance to be held by county treasurer, subject to further order of the court. Decreed accordingly.