(33 Misc. Rep. 674.)

## In re KRAKAUER'S ESTATE.

(Surrogate's Court, New York County. January, 1901.)

1. SURROGATE'S COURT—SUBSTITUTION OF ATTORNEYS—JURISDICTION.

Where a will has been probated, and no papers relating to that proceeding are specified as being in the attorney's hands, and the proceedings to assess the transfer tax have been concluded, and the attorneys do not have possession of the papers of the estate for the purposes of that proceeding, and no other proceeding is pending, the surrogate's court has no power to order a substitution of attorneys and delivery of papers, since it has no control over attorneys except in a pending proceeding.

2. SAME—CONSENT.

Where a surrogate's court has no jurisdiction of an application to it for substitution of attorneys for an estate and for delivery of papers of the estate, the fact that both parties request the assertion of jurisdiction by the court to settle the controversy is not sufficient to give the court jurisdiction.

Application of the executors of the estate of David Krakauer, deceased, for an order for substitution of attorneys for the estate, and directing the former attorneys to deliver to them papers belonging to the estate which are in their possession. Application denied.

Wolf, Kohn & Ullman, for executors.

Norman W. Kerngood, for respondents.

THOMAS, S. The executors of the will of the decedent apply, on a petition and notice of motion, for an order substituting new attorneys for the respondents, and directing the respondents to deliver to them the papers belonging to their estate now in their possession, upon security approved by the court being given by the petitioners to meet any claim of the respondents for legal services in the matter of the estate. The respondents assert a lien on the papers for their services. No proceeding is pending in this court. The will of the decedent has been proved, and no papers are specified as having reached the hands of the respondents, as incident to that proceeding. A proceeding to assess the transfer tax has been concluded, and it is not charged that the papers in question were delivered to the respondents solely for the purposes of that proceeding. Upon these facts this court is entirely without jurisdiction to grant the relief sought. A surrogate has no general control over attorneys, and cannot either direct or protect them, except incidentally in making orders pertinent to a proceeding pending before him. There is no proceeding pending in which a substitution of attorneys can be ordered. An order substituting one attorney for another is merely an incident in the progress of a cause, and no such order can be made by a court in which no cause is pending to which such order can relate. Rollins, S., in Re Hoyt, 5 Dem. Sur. 432, 445; In re Aaron's Estate, 7 N. Y. St. Rep. 735. It is no answer to this that both parties to the application request the assertion and exercise of a jurisdiction adequate to adjust their controversy. No such consent would prevent either party from asserting the invalidity of any order that might be made, either upon appeal or in resisting the enforcement of such order, and this court cannot act as a mere arbitrator. Relief must be sought, if at all, in another tribunal.

Application denied.