---

(59 Misc. Rep. 323.)

### In re ROBINSON'S ESTATE (two cases).

### (Surrogate's Court, Kings County. May, 1908.)

1. ATTORNEY AND CLIENT—LIEN—ENFORCEMENT—JURISDICTION.

A surrogate has no jurisdiction to ascertain or enforce the common-law lien of former attorneys of a testamentary trustee, on books and papers alleged to belong to him as trustee, and to be necessary to the preparation and settlement of his account, the only attorney's lien which can be adjusted in a surrogate's court on a summary application being the lien established by Code Civ. Proc. § 66, on a "client's cause of action, claim or counterclaim attaching to the verdict, report, decision, judgment or final order" in the client's favor, which lien is not on property of a tangible and chattel nature, but is limited to the abstract controversy called the cause of action.

2. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—DEPRIVATION OF PROPERTY.

Where former attorneys for a testamentary trustee retained his books and papers to secure a lien for services, a decree of the surrogate, in a proceeding to disallow such lien ancillary to an accounting, would be objectionable, as depriving the attorneys of their property without due process of law, whether the decree was absolute or conditioned on the surrogate's determining the lien.

. Motion by testamentary trustee in the estates of Elizabeth Robinson and Jeremiah P. Robinson, deceased, for the disallowance of the lien of his former attorney on books and papers, or to fix the amount of such lien. Motion denied.

Judson & Hale, for petitioner.

Kenneson, Emley & Rubino, pro se.

KETCHAM, S. In each of these cases a testamentary trustee, who has retained new counsel in place of others who have heretofore rendered to him services relative to the trust estate, has been served with citation, in behalf of his surety, requiring him to show cause why he should not give new sureties and render and settle his account. Alleging that books and papers in the hands of his former attorneys belong to him as trustee, and are necessary to the preparation and settlement of the account which he is about to make, the trustee prays that the lien of his former attorneys upon such books and papers be disallowed, and that they deliver to. him such books and papers, or that any alleged lien be fixed and determined by the surrogate.

There is no proceeding pending in this court to which the decree now asked can be made an incident. No proceeding is pending, except the two proceedings already described. It is clear from the petition that the bulk of the services rendered by the prior counsel had no relation to proceedings instituted in this court. It is also conceded that the attorneys claim a lien upon the books and papers for such services. The only lien which can be adjusted in this court upon a summary application is the lien established by section 66 of the Code. That is a lien upon the client's "cause of action, claim or counterclaim." It attaches to the "verdict, report, decision, judgment or final order" in the client's favor. It is also indicated that this lien cannot be affected by settlement between the parties before or after judgment or final order. The lien which is the subject of this language is not a lien upon property of a tangible and chattel nature. It is limited to the cause of action—the abstract controversy. It is distinct from the common-law lien which the lawyer, like the tailor and the wagon maker, has upon the thing which is the subject of his labor, or which has come into his hands in the course of his services. As to the statutory lien, there can be no inquiry or disposition, unless there is a proceeding in which is asserted the cause of action upon which the lien is said to be imposed. Even if there be such proceeding, there must obviously be an appearance therein in behalf of the client by the alleged lienor, and, further, no practical test or application of the lien can be made unless the proceeding has reached a result from which the lien may be satisfied, or a stage at which the lien is about to be endangered, unless discharged or secured. None of these conditions appear. There is no statutory lien. None is asserted. No fact is shown upon which the question of a lien under the statute can arise. Matter of Krakauer's Estate, 33 Misc. Rep. 674, 68 N. Y. Supp. 935.

The case of In re Smith, 111 App. Div. 23, 97 N. Y. Supp. 171, is not an authority for the present petitions. There the lien on books and papers was adjusted only as an adjunct to the act of the court in granting or regulating the substitution of attorneys, and the court, at

page 30 of the report, defined the grounds and limits of its action by reference to the General Rules of Practice, under which an attorney may be changed "upon such terms as shall be just by the order of the court or a judge thereof." The case indicates that the surrogate has no jurisdiction to ascertain or to enforce a common-law lien upon books and papers, or upon any other property, unless as a possible incident to a substitution of attorneys in a proceeding. No court has such jurisdiction as a primary and independent exercise of power, unless such jurisdiction is invoked in an action in which the validity or extent of the lien is directly involved. Without an action no court may attempt the adjustment of the ordinary common-law lien or take from the lien-or his qualified property in the chattels concerned. An exception is found in the case of an attorney who retains his client's property under assertion of a lien for the value of his services, and this exception is a feature of the disciplinary jurisdiction of the Supreme Court over attorneys as officers of the court. The surrogate does not share this jurisdiction, and his decree that the attorneys in this case deliver to the trustee the books and papers upon which the lien is asserted, under common-law rules, would be depriving them of property without due process of law, whether such decree was absolute or was conditioned upon the determination of the lien by the surrogate.

The motions must be denied.

Motion denied.