SAMUEL LEVITEN, Respondent, *v.* WILLIAM SANDBANK et al., Defendants.

MICHAEL LESSIN, Appellant.

Second Department, February 14, 1944.

David S. Meyer for appellant.

Maxwell Stettner and Morris J. Rosner for respondent.

Per Curiam. This matter was remitted to this court to pass upon the Special Term's exercise of discretion in directing the turning over of papers by an attorney to a client. The Special Term had decided that there should be no present payment to the attorney of the amount of his previously adjudicated lien. For satisfaction thereof it relegated him to the proceeds of the action in which he was to be superseded as attorney. The Court of Appeals held that the amount of his lien is res judicata but that the terms of the turnover of any papers or documents in his possession were not res judicata despite the fact that in a special proceeding brought by the client, which was not part of any pending action, the terms of the turnover of these papers or any other papers possessed as a consequence of the relationship of attorney and client, or in any action pending, were the subject of adjudication, and despite the further fact that the order making the adjudication recited that the parties consented that the " matter " be decided on the original motion papers and the report of a referee. The " matter " to be decided was not only the amount of the lien of the lawyer, if any, but also the terms of the turnover of such papers and documents as came into the lawyer's possession " while the relationship of attorney and client existed " in respect of any actions or otherwise. This determined the scope of the motion, as did the stipulation of the parties recited in the order. Parties may make their own practice and be bound thereby in respect of the amount of a lien and the terms to be imposed in connection with a turnover of papers in any action or growing out of an attorney and client relationship in general.

It appears that the only papers claimed by the client to have any value, now in the possession of the attorney to secure his adjudicated lien, are certain certificates of stock in a real estate corporation. The client says that the attorney at one time said they had a value of $4,000 and, on that assumption, he asserts that the attorney has ample security for his lien. The attorney points out, however, that that declaration was made in 1941 in respect of a closely held corporation, and that while the certificates at that time may have had that value to the client,

even at that time they had no value to the attorney in their present unindorsed condition. The attorney further says that in their present condition they are now worthless to the attorney. It is obvious that if the certificates had the value which the client now professes they have, he would pay the lien, which is one eighth of the claimed value of the certificates, and reduce them to possession. The fact is that the certificates have no value to the attorney and furnish no security whatever for the payment of his lien.

This is not a case of determining the terms of a turnover of papers as between an impecunious client and an attorney who had taken on the prosecution of litigation on a contingent basis, such as was involved in *Friedman* v. *Gordon* (260 App. Div. 1023), where, in addition, the attorneys had agreed to forego certain rights which they might have insisted upon in connection with the payment of their lien. Here the client placed the litigation with the attorney on a *quantum meruit* basis. The client is not claimed to be impecunious, but on the contrary is amply able to furnish adequate security to the attorney in connection with the turning over of the papers or any part of them on which the attorney has a lien.

The terms upon which the Special Term has directed the turning over make the lien of the attorney worthless. The attorney is required to speculate on the outcome of the pending action and be paid the amount of his lien in the event that the client prevails. He entered upon no such speculative venture with the client when the *quantum meruit* arrangement was made. The Special Term, therefore, was improvident in its exercise of discretion. The only just or equitable basis upon which this client may obtain the substitution that he seeks, and the papers, or even copies thereof, is by paying the amount of the lien fixed.

The order should be modified on the law and the facts and in the exercise of discretion by striking therefrom the first, fourth, fifth and sixth ordering paragraphs and by inserting in place thereof a provision directing that the papers be turned over upon the payment of $509.37. As thus modified, the order insofar as appealed from, should be affirmed, with fifty dollars costs and disbursements to the appellant.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and LEWIS, JJ., concur.

On reargument, order modified on the law and the facts and in the exercise of discretion by striking therefrom the first,

fourth, fifth and sixth ordering paragraphs and by inserting in place thereof a provision directing that the papers be turned over upon the payment of $509.37. As thus modified, the order insofar as appealed from, is affirmed, with fifty dollars costs and disbursements to the appellant.