John D. Bennett, S.
The administratrix applies by petition and citation for an order of substitution of attorneys in this estate and directing delivery of all papers in this estate to her new attorney.
The affidavits and memoranda submitted by the former attorney for the estate raise no objection to turning over the files held by him if his fees for services rendered to the administratrix are fixed and determined by this court prior to any such surrender. In effect, the respondent seeks to enforce his common-law retaining lien upon the papers in this estate of which he has possession (Matter of Cooper, 291 N. Y. 255; Robinson v. Rogers, 237 N. Y. 467; Matter of Heinsheimer, 214 N. Y. 361; Matter of Makames, 238 App. Div. 534; see, also, 2 Bradford Butler, New York Surrogate Law and Practice, § 1718).
The amount of the lien must be fixed by this court prior to ordering any surrender of the files by the former attorney for the estate (Matter of Tillman, 259 N. Y. 133; Matter of Berger, 263 App. Div. 730; Matter of Nittoly, 106 N. Y. S. 2d 807). In the absence of objection, the proceeding will be considered one brought pursuant to section 231-a of the Surrogate’s Court Act, by which the Surrogate has power to hear and determine the compensation of any attorney for services rendered to an estate or its representative. The determination in the proceeding will accomplish the result required.
Accordingly this matter is set down for hearing on October 1, 1958 at 11:00 a.m., to take proof as to the services rendered by the respondent.
*157 It is also indicated in the papers that all interested persons have not been cited. The court directs that supplemental citation be served on all interested parties prior to the hearing, giving notice that the fees of the former counsel of the administratrix will be fixed and determined.
In this estate, and presently pending before this court, is a compulsory accounting proceeding instituted against the administratrix. Since no notice of appearance by any attorney on her behalf has been filed in that matter as provided in section 63 of the Surrogate’s Court Act, there is no substitution of attorneys necessary. Apparently the only other proceeding pending in this estate is a discovery proceeding. If substitution is sought in the latter proceeding, application should be made in the proceeding itself (Matter of Cilento, 149 Misc. 567, 571; Matter of Fantel, 13 Misc 2d 1).
Proceed accordingly.