Edgar F. Hazleton, S.
The petitioning executrix, claiming that her attorneys have received excessive fees for their services, seeks to have the reasonable value of such services determined, and presumably to have the overpayment, if any, refunded pursuant to the provisions of section 231-a of the Surrogate’s Court Act. The petitioner, who was employed as a domestic by the decedent, was the recipient of his entire estate valued at less than $34,000 and consisting of real and personal property.
The probate proceedings were uncontested and presented no unusual complications. In addition to the services rendered in such proceedings, the respondents, as attorneys for the petitioner, rendered services in the sale of a parcel of estate property which petitioner had contracted to sell for $14,900. The down payment on this parcel was in the form of a check *770 in the amount of $1,500 payable to respondents rather than to the estate or to the petitioner, and said check was deposited by respondents in their special account.
It appears from the papers and proofs in this proceeding that respondents charged the sum of $7,500 for their services to the estate. They were paid the aggregate sum of $6,000 in three payments as follows: On March 29, 1956, one week after petitioner’s appointment as executrix, the sum of $3,500; on September 20, 1956 an additional sum of $2,000 and on January 7, 1957 an additional sum of $500. Respondents billed the estate for the balance of $1,500, said bill indicating that the total fee was $7,500 and that $6,000 had been paid on account, leaving the balance of $1,500.
In addition to the foregoing, the respondents retained the sum of $1,500, which had been received anent the sale of the parcel of real property and which sum was applied by them on account of what they claimed was due for their services in that transaction.
Thus it is evident that respondents have received a total of $7,500 or somewhat less than 25% of the total estate.
It is respondents’ contention that petitioner’s obligation to' them is individual and not of the estate, and hence her remedy is in a forum other than this court. This contention must be rejected. It is illuminating to note that the final statement submitted by respondents for professional services, under date of September 13, 1957, is not directed to petitioner personally but to the “ Estate of Arthur J. McCullough for Professional Services Rendered from November 1, 1955 to Date.” In the statement the following figures appear:
$7,500.00
Received on account 6,000.00
1,500.00
This is respondents’ own statement by which they are bound, and it is clearly indicative of the fact that the services for which a charge of $7,500 was made had been rendered to the estate of decedent. Nothing in this statement refers to a charge of $1,500 for the services rendered in the real estate transaction. In fact, in a letter dated July 26, 1957, respondents wrote petitioner that ‘ ‘ no charge will be made by us in connection with the closing of title to the above described premises ”.
Petitioner testified that at her first meeting with respondents, she agreed they were either to receive 5 or 6% of the estate assets for services in the probate proceeding. Respondents deny such oral agreement. For the purposes of this decision, *771 I shall accept respondents’ version of the meeting and determine the value of their services on the basis of quantum meruit.
Obviously the $6,000 received on account, as set forth in respondents’ statement, consisted of the three checks alluded to above. In the light of the letter of July 26, 1957, I cannot but conclude that the balance of $1,500 set forth in respondents’ statement was intended to conveniently take care of and act as a setoff ag'ainst the check of $1,500 which respondents had received as a deposit on the purchase price on the parcel of real property, and which had been deposited in their special account and retained by them. The similarity of the two amounts impresses me as more than a mere coincidence.
I shall not comment on the fact that the first check written by the petitioner following her appointment as executrix was the one for $3,500 payable to respondents as a retainer, other than to say that such procedure in an ordinary probate proceeding strikes me as rather unusual.
In many instances, where services rendered are not of an extraordinary nature, I have considered the fees recommended by the Suffolk County Bar Association under their minimum fee schedule as fair and equitable. In an estate of the value of $34,000, and where no accounting proceeding has been had or is required, the amount of compensation computed under the schedule would be $1,410 plus out-of-pocket disbursements. I see no reason why such computation should not be applied in this case. Accordingly, I hold that the fair and reasonable value of the services rendered by respondents is the sum of $1,410 plus an extra allowance of $250 for the services rendered in the real property transaction, aggregating in all $1,660. To this sum should be added respondents’ out-of-pocket disbursements. The amount in excess thereof, received by respondents as part of the $7,500, is directed to be refunded to petitioner, who is allowed the costs of this proceeding to be taxed upon notice at the time of the settlement of the decree to be entered herein.
Proceed accordingly.