Robert W. Bascom, S.
In this proceeding to settle the accounts of the administratrix of a deceased incompetent person, *1041 the respondent files objections first that the assets should be reduced by the amount of certain claims paid by the administratrix, but which were paid by her pursuant to order of the County Court which passed on her accounts as committee of the incompetent, she having acted in that capacity prior to intestate’s decease. There is nothing to indicate that these claims set forth in Schedule D of the administratrix’ account were paid by her in her capacity as committee and in fact the account shows that they were paid January 11, 1961. Inasmuch as letters of administration were issued on June 6, 1960, the committee’s authority to act or do other with the property in her hands than to turn it over to the representative of the deceased’s estate had terminated long before the claims were paid. The objection is thus without merit and is dismissed.
The second objection, relating to commissions on the assets received, likewise must fall for the same reason. It may as well be argued that the County Court should have denied commissions to the committee on her account as such, because some administrator was going to receive commissions on the same property. The fact that the committee and the administratrix were one and the same person is a coincidence of no consequence.
The last objection, the only one urged with much vehemence, is that the fee for legal services of $1,885.61 on this gross estate of $37,712.17, is excessive and unreasonable. It is apparent from the account that the estate was simple to administer, consisting as it did entirely of bank accounts and interest thereon. No unusual or complicated questions presented themselves. The account is brief, consisting of the usual introductory matter, three pages of schedules and a verification. The respondent concedes that the attorney for petitioner properly and carefully performed all necessary legal services, gave proper and competent advice, and prepared all necessary legal papers in the settlement of the estate, without engaging other counsel. The attorney for petitioner is well known to the court to be able, skillful, reputable and successful and has over 40 years ’ experience at the Bar. He has based his fee on 5% of the gross estate. His ability and success have some bearing on the amount of fees he can reasonably be expected to command (Matter of Potts, 213 App. Div. 59, affd. 241 N. Y. 593 ; Matter of Stevens, 114 App. Div. 607). He urges on us the argument that since his client, the administratrix, is not dissatisfied with the fee charged, and since one half is coming out of her pocket as codistributee with the objectant, the latter should not be heard to complain. With this we are not in accord. Although the contract of employment may be enforeible between the attorney *1042 and Ms client, nevertheless an estate fiduciary has no authority to bind an estate in which others are interested, for the payment of a specified compensation to an attorney, in the absence of assent by such others (Matter of Meng, 227 N. Y. 264, 269 ; Matter of Woolfson, 158 Misc. 928). It therefore follows that as to respondent, only the reasonable value of the attorney’s fees are a proper credit on the account.
What is a just and reasonable fee in every case depends on the circumstances of the given estate. It must be made to appear that when the services were rendered they were demanded, or seemed to be demanded by the best interests of the estate and merited the compensation by which they were rewarded (St. John v. McKee, 2 Dem. 236). The burden of proving the value of the services was on the administrator (Matter of Potts, supra, p. 61). Other than the stipulation above referred to, no proof was offered. In an uncontested intestate estate of extreme simplicity, a retainer calling for 7% of the gross estate was held (in 1936) extortionate to a shocking degree (Matter of Pagnotta, 161 Misc. 415). In a $75,000 gross estate, 4% was said (in 1933) to be more than is usually allowed in estates of that size (Matter of Scher, 147 Misc. 791, 799). Surrogate Wingate observed in 1939 that the reasonable compensation of counsel for the conduct of an uncomplicated estate of moderate size would ordinarily approximate between 5% of the gross assets and a single executor’s commission (Matter of Kentana, 170 Misc. 663). Minimum fees for all legal services vary in different parts of the State, depending on many factors, including the recognized variance in cost of operating law offices in different localities. Many Bar Associations have adopted minimum fee schedules which reflect the lawyers’ own view of the value of legal services in their communities for minimal work. No one is a better judge of the value of such services than the lawyers themselves. These schedules have on occasion been alluded to (Matter of Lewi, 199 Misc. 99, 103) and followed (Matter of McCullough, 14 Misc 2d 769, affd. 10 A D 2d 634, motion to dismiss appeal denied 8 N Y 2d 845, motion for reargument denied 9 N Y 2d 758), by the courts in determining controversies of this character. We see no reason why the McCullough decision should not be followed here. Under the schedule in effect in this county, providing for a fee of 5% of the first $10,000 and 4% of the next $190,000 of the gross estate (excluding certain assets not here relevant) for all services, including the accounting proceeding and costs thereof, the value of the services of the attorney is computed at $1,608.48 and his disbursements, in *1043 this estate requiring minimal effort. The third objection is therefore sustained to the extent of $277.13, with which sum the administratrix is surcharged. The account is otherwise settled and allowed as filed. A decree in conformity herewith may be entered, without costs.