John P. Scileppi, J.
In a matrimonial action for a separation or for an absolute divorce, the plaintiff moves for temporary alimony and counsel fees and for the custody of the infant issue of the marriage during the pendency of the action.
The plaintiff wife contends that the defendant husband is employed as a buyer and earns a base salary of about $11,000 per year and that in addition he receives approximately $700 in bonuses and participates in a profit-sharing plan which will entitled him to $5,000 in two years. She argues that there was *415 a prior motion, originally returnable on March 30, 1961, for temporary alimony and counsel fees and that it was adjourned from time to time on agreement between the attorneys for the respective parties pending an attempt to resolve the parties’ marital difficulties, She further contends that a tentative agreement had been reached prior to the making of the instant application that the defendant husband would pay certain outstanding bills and a sum of money to cover the cost of support of the plaintiff and the infant issue of the marriage between the time of the original motion and the present application in consideration of the plaintiff’s waiving any right to insist upon an order to require payment of temporary alimony from the date of the original motion on March 30, 1961. She concludes that since the defendant has not paid the moneys agreed upon, any default in appearing on the original motion returnable on March 30, 1961, be vacated “ so as to incorporate the relief sought in the current motion.”
The defendant, in opposition, alleges that he has been regularly paying his wife the sum of $30 per week in addition to paying all of her bills and that he subsequently accumulated certain debts and advised the plaintiff that she could draw upon moneys which the defendant had loaned to her father to maintain herself until the total sum of $1,100, the amount of the loan, was exhausted and that the plaintiff’s father had promised to make regular payments to the plaintiff out of these moneys. In addition the defendant argues that the plaintiff has in her possession assets including a savings account, stocks, bonds and securities and paintings which amount to approximately $6,500. Finally, he contends that his net take-home pay is $116.29 per week and that in addition he receives two shares of stock per year from a profit-sharing plan, and such stock is valued at approximately $75 per share, and a dividend check of approximately $30 per year. However, he contends that the $150 involved in the profit-sharing plan will not be available for use until 1964, so that the only present benefit from the profit-sharing plan is the dividend of approximately $30 per year. Therefore, he contends that the temporary alimony should not exceed $58 per week and that in view of plaintiff’s assets a counsel fee should be denied or, in the alternative, referred to the trial court.
While permanent alimony may be made payable nunc pro t\unc from the time of the commencement of the action (McCarthy v. McCarthy, 143 N. Y. 235; see, also, Doncourt v. Doncourt, 245 App. Div. 91, 92, affd. 275 N. Y. 470), temporary alimony may only be granted from the date of the service of *416 the motion papers for such relief. (Miceli v. Miceli, 285 App. Div. 1187.) If a prior motion is pending, a subsequent motion for the same relief cannot be granted. (Hoover v. Rochester Print. Co., 2 App. Div. 11.) However, a party has a right to withdraw a motion at any time before submission, i.e., a formal presentation of all or part of the application for the court’s consideration. (Marsh v. Marsh, 63 N. Y. S. 2d 42.)
The court’s inspection of the Motion Calendar shows that in the case at bar the plaintiff’s original application was finally set down to be heard on April 27, 1961, but was marked off the calendar when neither party appeared. Under these circumstances it is apparent that the original motion was withdraw^. This is substantiated by the fact that plaintiff herein brought on the present application by an order to show cause dated January 16,1962, and had the prior motion been pending the present application could not have been granted.
Under these circumstances, the only motion pending before the court is the present application and temporary alimony may only be granted as of the date of the order to show cause which brought on this motion. The fact that plaintiff may have assets does not preclude the granting of temporary alimony and counsel fees, since she is not required to sacrifice her assets during the pendency of a matrimonial action. (Keith v. Keith, 53 N. Y. S. 2d 632.)
Accordingly, the motion is granted. The husband is to pay the wife the sum of $60 per week for the support and maintenance of herself and the infant issue of the marriage and a counsel fee of $500, one half to be paid within 10 days after the service of a copy of the order to be entered hereon and the remainder when the case is first noticed for trial.