Lewis W. Olliffe,
Acting Surrogate. This is an application by the attorneys for testator’s widow, a coexecutrix and beneficiary under his will, for leave to withdraw as attorneys for her in these proceedings [proceedings instituted by her for an order directing her coexecutors and herself to make distribution of the estate] and discharging them and their counsel from any and all liability for and in respect of the conduct thereof. The attorneys will be hereinafter referred to as petitioners and their client as respondent. The basis for the relief sought, as alleged in the supporting affidavit, is that respondent ‘ ‘ has seen fit to withdraw the above and related proceedings .from our (petitioners’) control, and has ceased to cooperate with us as her attorneys.”
The affidavit states that although ho formal notice was given to petitioners that they were no longer to continue as attorneys in *1021 the proceedings, the respondent has failed to communicate with them and has retained other attorneys either to be substituted in their place or act in conjunction with them, which they find objectionable and unwilling to do; that respondent has failed to answer several communications addressed to her covering important and vital matters and failed to communicate with them about or inform them of matters transpiring in the estate, including her neglect or failure to advise them about a proceeding instituted against her.
The actions of respondent, as set forth, continued for a period of over two months prior to the making of this application. Considering all these matters, the petitioners state that they concluded that their retainer had been terminated and they advised respondent they intended to apply to the court to be relieved of further responsibility as her attorneys.
The respondent has filed an affidavit in answer to the application in which she fails to specifically oppose the application but denies her failure to co-operate with petitioners or that she has been recalcitrant as asserted by petitioners. She admits she retained other attorneys to look into all the matters pertaining to the estate but had not sought to substitute them in the place of peitioners and since the latter have decided to withdraw as attorneys she has retained the attorneys representing her on this application to protect her interests in the pending proceedings. She has prayed for affirmative relief that petitioners be directed to turn over to her new attorneys all papers, documents, property and material relating to the pending proceedings now in their possession.
Additional affidavits have been submitted by the parties which add little of material value or assistance in the solution of the simple question presented whether the petitioners should be relieved of their retainer except that in an affidavit submitted by petitioners they ask to withdraw the present application. Their right to withdraw is questioned in an affidavit submitted in reply to which is attached a copy of a letter addressed to petitioners by respondent stating that if the present application has not terminated their relationship the letter may be deemed evidence of such termination.
Whether petitioners may withdraw their application under the situation presented (Marsh v. Marsh, 63 N. Y. S. 2d 42; People v. Higley, 110 N. Y. S. 2d 296; Polokoff v. Polokoff, 34 Misc 2d 415) is unnecessary of determination since their retainer has been terminated. However, respondent has prayed for affirmative relief that petitioners be required to turn over to her new attorneys all papers and documents relating to these pro *1022 ceedings. Disposition of the prayer for affirmative relief must he made.
The court has some familiarity with the pending proceedings obtained through argument of motions and discussions of the litigation with attorneys for the respective parties and with the parties themselves. The court participated in discussions which resulted in two written proposals of settlement of all the issues in the pending proceedings which proposals for settlement failed of consummation because of disagreement as to some of the proposed terms by one or more of the parties or their attorneys. Until the week before this application was made active negotiations for settlement were carried on among the attorneys for the respective parties.
A party may discharge his attorney at any time for any reason that may seem satisfactory to him (Matter of Krooks, 257 N. Y. 329; Matter of Tillman, 259 N. Y. 133) but the attorney has a lien on the papers in his possession and may retain them until his compensation is paid (Matter of Berger, 263 App. Div. 730; Matter of Theirich, 13 Misc 2d 155) and in a proper case surrender of the papers may be directed upon adequate security given for the payment of such compensation (Leviten v. Sandbank, 291 N. Y. 352; see, also, 267 App. Div. 391). However, where an attorney voluntarily withdraws without just cause he retains no lien on the papers but where it appears, as it does here, that the attorney had some reasonable cause for withdrawal he does not forfeit his lien (Goldman v. Rafel Estates, 269 App. Div. 647).
Respondent’s prayer for affirmative relief to direct the petitioners to turn over to her new attorneys all papers and documents in their possession is denied. In some instances, the courts, as a matter of expedition have considered applications for substitution of attorneys or for leave to withdraw as attorneys as if brought pursuant to section 231-a of the Surrogate’s Court Act and have fixed the compensation of the retiring attorneys on the application for substitution or leave to withdraw. (Matter of Theirick, 13 Misc 2d 155.) The present proceeding is not one under either section 475 of the Judiciary Law or section 231-a of the Surrogate’s Court Act to determine the lien or fix the compensation of the petitioners for legal services rendered and the petitioners specifically request that the court not consider the present application as one under either of such sections.
The present estate is substantial and is involved in litigation not only in this court but also in the Supreme Court. The services of petitioners have been extensive and it will, undoubtedly, require considerable time for them to prepare their papers in *1023 any proceeding or action to have the value of their services determined. Until petitioners’ compensation is fixed or agreed upon and paid the court may not direct delivery of the papers and documents in their possession.
That part of the application wherein petitioners request to be discharged from any and all liability for or in respect to the conduct of these proceedings must be denied at this time. The issue as to petitioners’ liability is not before the court. No useful purpose would be served by a separate hearing on the subject.