Louis B. Heller, J.
In this divorce action plaintiff wife, by order to show cause dated January 23,1968, served on or before January 26, 1968 and returnable on February 2, 1968, seeks an order (1) granting temporary alimony of $50 per week for her support and the support of the issue of the marriage, their 13-year-old daughter, to commence from November 8, 1967, the date when the parties appeared before the Conciliation Commissioner and there entered into a stipulation providing for the payment of $10 weekly temporary alimony, (2) granting counsel fees and (3) for other relief.
The plaintiff is granted temporary alimony in the sum of $10 payable weekly commencing from the 23rd day of January, 1968, 1£ the date of the order to show cause which brought on this motion” (Polokoff v. Polokoff, 34 Misc 2d 414, 416) and the sum of $15 per week as a contribution toward the maintenance and support of the infant issue of the marriage. Plaintiff is awarded a counsel fee in the sum of $200 payable within 20 days after service -of the order herein with notice of entry, with leave to apply to the trial court for additional fee if warranted.
It is the court’s opinion that the court lacks the power to order payment of temporary alimony commencing nunc pro tunc from a time which predates the making of the instant applicatipq. (see Polokoff v. Polokoff, supra, p. 414; see, also, Thrall v. Thrall, 83 Hun 188). Plaintiff’s cited case of Miceli v. Miceli (285 App. Div. 1187) is of no aid to her on this motion. That case was construed by the court in Polokoff v. Polokoff (supra, pp. 415-416) as holding that £ £ temporary alimony may only be granted from the date of the service of the motion papers for such relief. ’ ’ However, the denial of the application with respect to making the order effective nunc pro tunc as of November 8, 1967 is without prejudice to a renewal thereof before the Trial Justice (see McCarthy v. McCarthy, 143 N. Y. 235, 241).
At the time temporary alimony is awarded there has been no positive proof adduced as to the husband’s earnings and capital *913 assets (the same applies to the wife’s earnings and assets), wherein the respective allegations have not been subjected to cross-examination, and the true situation can only be developed in the crucible of trial. The court in a proper case, depending on the special circumstances, may in the exercise of discretion award permanent alimony nunc pro tunc to the date of the commencement of the action.