In the Matter of the Accounting of LINCOLN ROCHESTER TRUST COMPANY, as Executor of JULIUS FREEMAN, Deceased, Respondent. JAMES A. FREEMAN, Appellant.

Fourth Department, February 16, 1973.

*Sanford Robert Shapiro* for James A. Freeman, appellant.

*Lamb, Webster, Walz, Telesca & Donovan (Luther Ira Webster* of counsel), for respondent.

*Frank A. Aloi,* guardian ad litem for Matthew J. Freeman, an infant.

*Monroe County Bar Association, amicus curiae.*

*Per Curiam.* This appeal is from a decree of judicial settlement which awarded attorneys' fees for legal services rendered to the estate of Julius Freeman. The principal of the estate, including realized increases, amounted to $314,959.62. Estate income during probate was $21,516.85. The executor, Lincoln Rochester Trust Co., was paid commissions on principal and income amounting to $10,354.06 (SCPA 2307). The objectant, the only child of the decedent, is a member of the faculty at Amherst College, Massachusetts. The respondent's attorney, aged 66 at the time of the award, has had an extensive practice in Surrogate's Court and has been in continuous practice in Monroe County for over 40 years. He was graduated as valedictorian from his law school and is a past president of the Monroe County Bar. Following a hearing on the objections, the Surrogate awarded counsel fees of $13,250 upon a finding that such an amount was "not unreasonable nor excessive". We find no reason to disturb the exercise of the Surrogate's discretion. He has broad power in the determination of the fair value of attorneys' services rendered in estates and, of course, may direct an attorney to refund any amount paid him if the Surrogate concludes that it is in excess of fair compensation for the services rendered (SCPA 2110, subds. 1 and 3). The Surrogate's power to determine compensation for attorneys "must be exercised with reason, proper discretion and not arbitrarily." *(Matter of Brehm,* 37 A D 2d 95, 97). Although the court will not be controlled by an arbitrary Bar fee schedule, there is no reason why such schedule may not be considered by the Surrogate as some evidence of the value of the services ren-

dered (*Matter of McCullough,* 14 Misc 2d 769, affd. 10 A D 2d 634, affd. 9 N Y 2d 993) and we find no evidence of an improper consideration of such schedule in this case.

The appellant also urges on this appeal that the Monroe County Bar Association's minimum fee schedule unreasonably fixes and maintains price levels for legal services in Monroe County in violation of section 340 of the General Business Law ("Donnelly Act"). It is appellant's contention that the fee schedule is a regulated arrangement in the furnishing of a service. The word "service" was added to the statute by chapter 804 of the Laws of 1933 to overcome the holding in *New York Clothing Mfrs.* v. *Textile Finishers Assn.* (238 App. Div. 444) that a price-fixing agreement between members of the defendant association was not violative of section 340 of the statute because, as it then read, it did not apply to service groups or organizations. Comparable Federal legislation sheds no light on this question because sections 2 and 3 of the Sherman Act (U. S. Code, tit. 15, §§ 2 and 3) use the term "trade" and do not refer to "service". Thus, the Supreme Court has held that: "Wherever any occupation, employment, or business is carried on for the purpose of profit, or gain, or a livelihood, not in the liberal arts or in the learned professions, it is constantly called a trade * * * We do not intimate an opinion on the correctness of the application of the term [trade] to the professions". (*United States* v. *Real Estate Bds.,* 339 U. S. 485, 490–492.) The record in this case is not sufficiently complete for us to make a determination respecting the inclusion of legal fees within the ambit of the prohibitions of the Donnelly Act. Moreover, we do not believe it necessary in this case to determine whether section 340 of the General Business Law should be construed to include legal services because the Monroe County Bar Association's "Minimum Fee Schedule" is not, in and of itself, violative of the Donnelly Act. The "rule of reason" approach has been traditionally employed since we wrote in *Barns* v. *Dairymen's League Co Op. Assn.* (220 App. Div. 624, 640) that: "Our courts * * * will apply the 'rule of reason' to every * * * agreement brought before them. Before it will condemn, there must appear the elements of injury to the public * * * the doing of illegal or unconscionable acts, or specific intent to do injury to some one else, or, in brief, at least some of the circumstances which would lead a court in good conscience to say that a given set of defendants were overstepping the bounds of reasonable ambition and fair play and were becoming a nuisance to their fellow men ".

This "rule of reason" approach mandates that some empirical data be presented before any alleged unfair pricing arrangement can be found. None has been submitted in support of appellant's conclusory assertion that the minimum fee schedule unreasonably fixes the price of legal services. Although appellant alludes to an "impressive array of formal and informal sanctions" available against attorneys who set their fees at variance with those in the minimum fee schedule, appellant does not cite a single instance in which sanctions were taken against an association member. As the Monroe County Bar Association indicated in its *amicus curiae* brief, the fee schedule is not obligatory on its members; they are free to make fee arrangements with clients on whatever basis agreed upon and disregard the schedule entirely if they so choose. So far as the Monroe County Bar Association is aware "no lawyer has ever been disciplined, coerced, pressured or threatened with sanctions of any kind for charging less than the suggested minimum Bar rate". Thus, we conclude that the schedule is in fact not a "minimum" fee schedule but is intended merely as a means of providing some guidance on the subject of reasonable fees by reflecting customary fees for routine work charged in the community for similar legal services.

Accordingly, the decree should be affirmed.

MARSH, J. P., MOULE, CARDAMONE, SIMONS and HENRY, JJ., concur.

Decree unanimously affirmed without costs.