■ DAVID GROSS et al., Appellants-Respondents, v THOMAS F. MCQUADE, Doing Business as MAC METER CO., INC., Respondent-Appellant. — In an action, *inter alia*, for a declaratory judgment, plaintiffs appeal and defendant cross-appeals from a judgment of the Supreme Court, Richmond County (Sacks, J.), dated July 27, 1981, which, after a nonjury trial, dismissed plaintiffs first, second and third causes of action, and dismissed defendant's third counterclaim. Judgment modified, on the law, by deleting the provision dismissing plaintiffs' second cause of action and substituting therefor a provision declaring that no partnership or joint venture existed between plaintiffs and defendant, and that defendant possessed the sole right, title, and/or interest in, and to, a certain liquid gas metering device which was the subject of this action. As so modified, judgment affirmed, without costs or disbursements. After a nonjury trial, the court determined that a partnership or joint venture relationship did not exist between plaintiffs and defendant and that plaintiffs had no property rights in a certain liquid gas metering device. We agree and have modified the judgment to reflect this conclusion. (See *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74.) Mangano, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THOMAS J. HEWITT, Respondent, v WAYNE BLASI et al., Appellants. — In an action to recover attorneys' fees and expenses incurred by a trustee in his defense of a matter before the State Insurance Department, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered November 18, 1980, as, after a nonjury trial, found in favor of plaintiff in the principal amount of $8,972.44. Judgment modified, on the law and the facts, by reducing the principal sum awarded plaintiff to $8,199. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and case remitted to the Supreme Court, Suffolk County, for entry of an appropriate amended judgment. The complaint in the instant action seeks reimbursement of counsel fees incurred by the plaintiff solely in connection with proceedings instituted by the New York State Insurance Department. However, the record indicates that of the total hours billed to the plaintiff, 24.75 hours were not for services rendered in connection with the aforesaid proceedings. As such, plaintiff was not entitled to reimbursement for such fees, notwithstanding the fact that the unrelated services were, in fact, related to plaintiff's duties as a trustee of the defendant trust and arose from the administration thereof. The judgment is reduced accordingly. We note that the trial court was correct in precluding the cross-examination of the plaintiff as to his alleged wrongdoing in the management of the trust, as this trial was not the proper forum for the determination of that issue. Where the attorneys' fees sought to be recovered are incurred as a result of charges brought against a trustee, it is the outcome of the proceedings on *those* charges which should be determinative of the matter in question, i.e., whether the plaintiff trustee was guilty of any breach of his fiduciary duty. We further acknowledge that plaintiff's reliance on the resolution of the security division, dated October 1, 1974, is misplaced. The resolution specifically stated that it applied only to trustees "heretofore subpoenaed". There is no evidence in the record to support a finding that plaintiff was in any way subpoenaed prior to that date. In this case reimbursement is authorized pursuant to paragraph 6 of the applicable by-laws. We have considered defendants' other contentions and find them to be without merit. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.