■ In the Matter of the Estate of BERNARD P. BIRNBAUM, Deceased. In the Matter of STROOCK & STROOCK & LAVAN, Respondent-Appellant. In the Matter of SAUL BIRNBAUM, Respondent-Appellant, v ILENE FLAUM et al., Appellants. In the Matter of CHAMBERLAIN, D'AMANDA, OPPENHEIMER & GREENFIELD, Respondent.—Decree unanimously modified, on the law, and, as modified, affirmed without costs, in accordance with the following memorandum: It was not an abuse of discretion, under the circumstances, for the Surrogate to grant in part the application of Stroock & Stroock & Lavan without a hearing pursuant to SCPA 2110 and to direct the temporary coadministrators to pay to them the sum of $200,000 as an interim partial payment on account for "third-party" services rendered to the estate (*see, Matter of Anonymous*, 60 Misc 2d 163; *Matter of Wheeler*, 25 Misc 2d 933, *affd* 14 AD2d 549). Nor did the Surrogate err in denying the petition and supplemental petition pursuant to SCPA 2102 for an order directing the temporary cofiduciaries to pay to Saul Birnbaum from trust B of the estate sufficient funds for him to pay for legal services rendered to him individually. The temporary coadministrators have broad discretion in the administration of trust B under the will of Bernard Birnbaum, and there is no basis for holding that they abused this discretion in their refusal of Saul Birnbaum's request.

It was proper to convert the petition and supplemental petition under SCPA 2102 to applications by the various attorneys for the payment of legal fees and disbursements under SCPA 2110 (*see, SCPA 202; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 58A, SCPA 202; see also, Matter of Theirich*, 13 Misc 2d 155). However, the legal fees of the three law firms for which Saul Birnbaum sought payment in his SCPA 2102 application (unlike the fees covered in the Stroock & Stroock & Lavan SCPA 2110 application) are for services rendered to him individually in connection with various intrafamily disputes and legal proceedings, including, among other things, a proceeding brought in Surrogate's Court to remove Saul Birnbaum as fiduciary upon the

ground of alleged misconduct and self-dealing which has resulted in his suspension and the appointment of the temporary coadministrators (*see, Matter of Birnbaum v Birnbaum,* 103 AD2d 1016; *Matter of Birnbaum v Flaum,* 103 AD2d 1016; *Matter of Birnbaum v Birnbaum,* 101 AD2d 710). When, as here a fiduciary is charged with a breach of his fiduciary duties, it is the outcome of the proceedings on these charges which determines whether the legal expenses incurred by the fiduciary in defending against the charges can be properly assessed against the estate (*see, Matter of Della Chiesa,* 23 AD2d 562), and payment for services in the defense of such charges should not be authorized on an interim basis until the charges have been resolved (*see, Hewitt v Blasi,* 84 AD2d 828; *see generally, Matter of Bellinger,* 55 AD2d 448). Considering the nature of the services covered in the converted SCPA 2102 petition and supplemental petition, a determination as to what portion, if any, of such services was beneficial to the estate and could properly be charged against it cannot be made at this time. The directions for payment of such fees were, therefore, premature and the requests for fees and disbursements of the attorneys under the converted SCPA 2102 petition and supplemental petition are denied without prejudice to renewal at the appropriate time. (Appeal from decree of Monroe County Surrogate's Court, Ciaccio, S.—attorney's fees.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.