■ In the Matter of the Estate of ALICE M. MAHNK, Deceased. DUKE, HOLZMAN, YAEGER & RADLIN, Appellant, v ALICE M. BENTLEY et al., Respondents.—Decree unanimously modified on the law and as modified, affirmed without costs, in accordance with the following memorandum: It was an improvident exercise of discretion for the Surrogate to disallow $5,000 of the fees to be paid to the attorney for the estate

pursuant to the stipulation of the estate beneficiaries. By their stipulation, which was entered on advice of independent counsel and consented to on the record in open court, the parties intended to settle the objections to the estate, including the issue of attorney's fees. In reducing the fee in derogation of the parties' agreement, the court acted without proof as to the value of the services performed. Nevertheless, it is clear from the record that the attorney earned his fee. The estate was a complicated matter which, because of a dispute among the beneficiaries as to the value and proper disposition of estate assets, took over nine years to settle. During that time, the attorney performed the duties of fiduciary as well as attorney for the estate. The fee is justified by the settlement itself, since the agreement avoided the expense of litigation and since, as part of the agreement, the coexecutrices renounced their right to over $20,000 in fiduciary fees. The results obtained by the attorney justify his fee *(see, Matter of Freeman,* 40 AD2d 397, *affd* 34 NY2d 1, 9; *cf., Matter of Bellinger,* 55 AD2d 448, 451-453). In view of the duration and nature of services rendered on behalf of the estate, we do not find the $23,000 fee agreed to by the parties to be disproportionate to the size of the gross estate, which was approximately $150,000, not including the unrealized appreciation on the real property distributed in kind *(cf., Matter of Shalman,* 68 AD2d 940, *mot to dismiss appeal granted* 48 NY2d 753). The record is adequate to permit us to modify the decree by approving payment of attorney's fees in accordance with the stipulation of the parties *(cf., Matter of Wilhelm,* 88 AD2d 6, 15). (Appeal from decree of Erie County Surrogate's Court, Mattina, S.—judicial settlement.) Present—Callahan, J. P., Denman, Boomer, Pine and Davis, JJ.