■ In the Matter of CENTRAL TRUST COMPANY and Another, as Temporary Coadministrators of the Estate of BERNARD P. BIRNBAUM, Deceased. (Proceeding No. 1.) In the Matter of CENTRAL TRUST COMPANY and Another, as Temporary Coadministrators of the Estate of BERNARD P. BIRNBAUM, Deceased. (Proceeding No. 2.)—Order and decree affirmed without costs. Memorandum: The Surrogate correctly determined that certain legal services provided by the law firm of Chamberlain, D'Amanda, Oppenheimer & Greenfield (Chamberlain) benefitted the estate and reached a reasonable conclusion on the amount due Chamberlain for those services. The Surrogate is authorized to fix and determine such fees "[a]t any time during the administration of an estate and irrespective of the pendency of a particular proceeding" (SCPA 2110 [1]). The Surrogate has wide discretion in fixing attorney's fees and the record reveals that the court considered the proper factors and did not abuse its discretion in making its award *(see, Matter of Freeman,* 34 NY2d 1, *affg* 40 AD2d 397; *Matter of Potts,* 213 App Div 59, *affd* 241 NY 593). With respect to the cross appeal by Saul Birnbaum, we conclude that the Surrogate possessed subject matter jurisdiction to adjudicate the dispute between Saul and Chamberlain *(see,* NY Const, art VI, § 12 [d]; SCPA 201 [1], [3]; 210 [2] [b]; *Matter of Piccione,* 57 NY2d 278, 288-289, *rearg denied* 58 NY2d 824), that the Surrogate correctly determined that Chamberlain was entitled to a statutory charging lien *(see,* Judiciary Law § 475; *People v Keeffe,* 50 NY2d 149, 155-156; *Matter of Haas,* 33 AD2d 1, 9, *appeal dismissed* 26 NY2d 646) and that the amount of the

lien was proper and need not be modified, particularly since Saul failed to controvert Chamberlain's proof on that issue.

We disagree with the dissenters' position that the Surrogate's award violated a prior decision of this court *(see, Matter of Birnbaum,* 112 AD2d 778, *mod* 113 AD2d 1032).* There we held that payment of interim attorney's fees was premature and denied the requests "without prejudice to renewal at the appropriate time" *(Matter of Birnbaum, supra,* at 779). The parties implicitly acknowledged that now is the appropriate time to resolve the issue because none of them questioned the court's authority to hear and determine the matters presented either at trial or on appeal and it certainly would have been in the estate's interest to do so. Appellate courts should be slow to change the theory upon which a matter is presented and decided in the court of original instance, particularly where the parties do not contest that court's authority to decide as it did *(see, Wells v Fisher,* 237 NY 79, 84; *Miller v Universal Pictures Co.,* 11 AD2d 47, 50, *affd* 10 NY2d 972, *rearg denied* 11 NY2d 721; *cf., Telaro v Telaro,* 25 NY2d 433, 438-439, *stay denied* 26 NY2d 751; *see also,* 4 NY Jur 2d, Appellate Review, §§ 114, 115). Thus, we are unwilling to conclude, as the dissenters do, that the considerable time and effort spent by the parties arguing the issues and by the Surrogate in deciding them was all for naught. The Surrogate, who was familiar with the parties and the issues, acted properly in all respects and his decision should be affirmed.

All concur, except Doerr, J. P., and Balio, J., who dissent and vote to reverse and deny the petition, in the following memorandum.

Doerr, J. P., and Balio, J. (dissenting). We respectfully dissent. In our view, the Surrogate's award of attorney's fees to Chamberlain violates a prior decision of this court. In 1985, the issue of an award of interim attorney's fees was before this court. Then, we reversed the Surrogate's award of interim fees to Chamberlain, holding that "[w]hen, as here a fiduciary is charged with a breach of his fiduciary duties, it is the outcome of the proceedings on these charges which determines whether the legal expenses incurred by the fiduciary in defending against the charges can be properly assessed against the estate *(see, Matter of Della Chiesa,* 23 AD2d 562), and payment for services in the defense of such charges should not be authorized on an interim basis until the charges have been resolved *(see, Hewitt v Blasi,* 84 AD2d 828; *see generally, Matter of Bellinger,* 55 AD2d 448)" *(Matter of Birnbaum,* 112 AD2d 778, 779, *mod* 113 AD2d 1032).

In 1988, the estate brought a petition to finally determine the attorney's fees payable out of the estate to several law firms which represented the beneficiaries and fiduciaries in the various intrafamily proceedings, and Chamberlain renewed its claim for an award of interim attorney's fees. The Surrogate, although bound by our prior decision on this issue, made an award of further attorney's fees to Chamberlain payable from the estate. This was clearly error.

An order of the Appellate Division made in a case, whether correct or incorrect, is law of the case until modified or reversed by a higher court (*Bolm v Triumph Corp.,* 71 AD2d 429, 434, *lv dismissed* 50 NY2d 928; *see also,* 1 Carmody-Wait 2d, NY Prac § 2:64; Siegel, NY Prac § 448; 4 NY Jur 2d, Appellate Review, § 330). The Surrogate was bound to follow this court's prior determination in this case that no fees should be paid to Chamberlain from the estate until the charges against Saul Birnbaum were resolved. Although noting in his decision that the "various charges and countercharges have yet to be determined", the Surrogate entertained Chamberlain's petition and made an award of fees payable from the estate.

That none of the parties has raised this issue on appeal is of no moment. A court must take judicial notice of its prior orders in a particular case (*see generally,* 57 NY Jur 2d, Evidence and Witnesses, § 47) and we cannot agree with the decision of the majority to ignore a prior unanimous decision of this court on this precise issue. (Appeal from order and decree of Monroe County Surrogate's Court, Ciaccio, S.—attorney's fees.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.