OPINION OF THE COURT
Edwin Kassoff, J.
Before the court is an application of Margaret Bomba, as the attorney for Patricia Brown, seeking attorney’s fees to be paid from the estate of Allan Lee Brown, an incapacitated person, for her representation of Patricia Brown before the Guardianship Part and the Matrimonial Part of this court, and before *173 the Appellate Division. The application requests that Patricia Brown be reimbursed for the sum of $137,000 which she paid towards legal fees, and also seeks an additional award for outstanding fees in the sum of $113,775, and $15,657 for disbursements.
At the outset, it should be noted that after all of the attorneys had the opportunity to call their witnesses on the motion to settle Patricia Brown’s final account as conservator for Allan Lee Brown, the parties entered into a settlement agreement which resolved the outstanding issues. The court, having heard and seen such witnesses, approved the settlement, in part because, in addition to resolving the issues raised in the accounting proceeding, Patricia Brown, in effect, agreed that she should not act as guardian of the personal needs of Allan Lee Brown. As part of the settlement it was also agreed, by the attorneys and their clients, that applications for payment of legal fees would be submitted to the court without objection from any attorney, and each attorney and party expressly waived the right to appeal the court’s determinations on such applications.
One of the proceedings for which Patricia Brown’s attorney seeks legal fees was the motion by the Court Examiner and cross motion by the incapacitated person’s daughters, to remove Patricia Brown as guardian of the personal needs of Allan Lee Brown. The application was granted after a hearing, based upon the court’s finding that Patricia Brown engaged in misconduct sufficient to warrant her removal. In the July 13, 1998 memorandum decision rendered after the hearing the court found, in pertinent part, as follows: “Having had the opportunity to both listen to and observe the witnesses during the hearing, this court finds that Patricia Brown breached her fiduciary duty to Allan Brown by marrying him in February 1993. This court finds that Patricia Brown knew that there was a problem with the 1987 marriage, but lied under oath in the petition for the appointment of a conservator, lied to the guardian ad litem in the conservatorship proceeding, and lied under oath in the personal injury complaint that she was Allan Brown’s lawful wife. This court notes that if Patricia Brown had revealed the problem with the 1987 marriage she would not have obtained the award for loss of services in the personal injury action.”
It is obvious to the court that, contrary to the contentions of Patricia Brown and her attorney, the protracted, unsuccessful defense of Patricia Brown in the removal proceedings did not *174 benefit the incapacitated person. Nor does the court agree with the self-serving claims in the affidavit submitted by the attorney for Patricia Brown, in support of this fee application, that Patricia Brown provided the incapacitated person with “extraordinarily high-quality, unreserved, dedicated” services. Patricia Brown’s allegedly extraordinary services did not prevent her from keeping her outside employment, and it is beyond question that it was beneficial to Patricia Brown to be able to reside in the incapacitated person’s home, paying only one third of the household expenses. In any event, since the court found that Patricia Brown’s removal as guardian of the personal needs of Allan Lee Brown was warranted based upon her breach of fiduciary duty to the incapacitated person, it would not now be appropriate for the court to order that the attorneys fees and disbursements for her defense be paid from the estate of the incapacitated person.
In Matter of Iskyan (167 Misc 2d 492), the Nassau County Surrogate, in a proceeding to remove a trustee of a testamentary trust, stated the rule that “[w]here a trustee has been removed for misconduct, costs and expenses of the suit are his own personal obligation” (citing First Natl. Bank v Kamm, 152 Ind App 353, 283 NE2d 563; see also, Matter of Fox, 250 App Div 31, 37, affd 275 NY 604 [“the incompetent should not be compelled to pay for legal services rendered in defending the improper action of her committee”]). The reasoning for this rule is self-evident, and it is applicable to a guardian appointed under article 81 of the Mental Hygiene Law, who has been removed for misconduct. Accordingly, no attorney’s fees award from the incapacitated person’s estate is warranted in connection with the defense of Patricia Brown in the removal proceedings, or the appeal of the decision which removed her, which was withdrawn before it was decided, as part of the parties’ settlement agreement.
Patricia Brown’s attorney also seeks payment for the hours that she and her staff spent preparing Patricia Brown’s amended intermediate account and final account as conservator for Allan Brown. It is not possible to determine exactly how many hours were spent preparing Patricia Brown’s account-ings because the affidavit of services sets forth the services performed chronologically and not all of the listed entries are clearly referable to a particular task. However, review of the billing records reveals that over 500 hours were billed for services rendered in connection with the accountings. The attorney’s affidavit explains the inordinate amount of time spent *175 by herself and her staff preparing Patricia Brown’s accounts, as follows: “Mrs. Brown’s financial records in connection with the management of Mr. Brown’s property and the disbursements advanced on behalf of her husband and the household for the years 1991 through 1997 were incomplete and in disarray. Prior to my representation of Mrs. Brown, Mrs. Brown was unaware of the detail that was required to be set forth in her accountings for each respective year and did not maintain her records in such a manner as to properly set forth a judicial accounting. By reason of the same, your affiant and her staff were required to render extensive and protracted services to reconstruct all necessary financial records for the preparation of the Final Account.”
Having accepted the responsibility of acting as Allan Lee Brown’s conservator, Patricia Brown was under a duty to act with the utmost care and diligence in the preservation of his estate, which included the responsibility to keep precise financial records, and document all financial transactions. It would be contrary to the very purpose of the conservatorship statute to require the incapacitated person to pay attorney’s fees incurred for the reconstruction of all of the incapacitated person’s financial records, necessitated by the conservator’s dereliction of her duties. Accordingly, no attorney’s fees or disbursements will be awarded from the estate of the incapacitated person for the preparation of Patricia Brown’s account-ings as conservator.
Patricia Brown’s attorney also seeks legal fees for defending an action brought by the incapacitated person’s daughters to annul her marriage to Allan Lee Brown. The court finds that these legal services were rendered on behalf of Patricia Brown in her individual capacity and for her individual benefit, such that the burden of paying the legal fees for such services should be borne by her individually (see, Matter of Birnbaum, 112 AD2d 778 [Surrogate properly denied application for payment of legal fees to fiduciary for services rendered to him individually]; Matter of Burlein, 26 AD2d 667 [coexecutrix was personally responsible for legal fees for services which were beneficial to her in her individual capacity]; Matter of Rubin, 147 Misc 2d 981, affd 172 AD2d 841 [where legal services were beneficial to fiduciary in her individual capacity, payment must be made by fiduciary personally]). Accordingly, no award for attorneys fees or disbursements will be made from the estate of the incapacitated person for the defense of the annulment action brought against Patricia Brown.
*176 By reason of all the foregoing, and due consideration having been given to the factors set forth in Matter of Freeman (34 NY2d 1), and in light of the enormous expense to the estate of the incapacitated person caused by Patricia Brown’s misconduct and dereliction of duty, the court declines to make any award from the incapacitated person’s estate for her legal fees and disbursements. This decision does not decide whether Patricia Brown should be held responsible for the expenses incurred as the result of all the proceedings involving her before this court, including the costs of the prosecution of the motion to remove her as guardian of the personal needs of Allan Lee Brown (see, Mental Hygiene Law § 81.35).